## Case No. 6,551a.

### HOBBS v. WESTERN NAT. BANK.

[8 Wkly. Notes Cas. 131; Brown, Nat. Bank Cas. 187; 9 Reporter, 467.]

Circuit Court, E. D. Pennsylvania.    Feb. 10, 1880.

#### EXECUTORS AND ADMINISTRATORS — NATIONAL BANKS — TRANSFER OF SHARES OF NATIONAL BANK STOCK—FOREIGN EXECUTOR — ACTS JUNE 16, 1836, AND APRIL 8, 1872.

Where the by-laws or articles of association of a national bank do not otherwise prescribe, the bank is bound under the acts of assembly of June 16, 1836, § 3, and of April 8, 1872, § 11, to recognize a transfer of its stock by a foreign executor, duly appointed in another state.

Case stated, wherein Elizabeth T. Hobbs, a citizen of the state of Maine, was plaintiff, and the Western National Bank of Philadelphia, a corporation organized under the laws of the United States, and doing business in the state of Pennsylvania, was defendant, showing the following facts:

Adeline T. Kittredge, the owner of certain shares of the capital stock of the corporation defendant, was a resident of, and died in, the state of Illinois in 1879, having duly made her will, which was admitted to probate there, and letters testamentary issued to Charles E. Towne by the probate court. The testatrix bequeathed the said stock to the plaintiff, Abbey W. Wells, and George W. Kittredge. The executor, in distribution and settlement of the estate, transferred the said shares to the plaintiff, and indorsed the said assignment and transfer upon the testator's certificate. A duly-certified copy of the will was filed in the office of the register of wills for the county of Philadelphia, but letters under the said will were not applied for or granted by the said register of wills. The plaintiff, producing the certificate aforesaid, with the transfer indorsed thereon, and a duly-certified copy of the letters testamentary issued by the said probate court, and a duly-certified copy of the will as filed in the office aforesaid in Philadelphia, requested the defendant to transfer to her the said shares of stock, and to issue to her a new certificate therefor. The defendant, acting under the advice of counsel, refused to do so. Rev. St. § 5139, enacts: "The capital stock * * * shall * * * be deemed personal property, and transferable on the books of the association in such manner as may be prescribed in the by-laws or articles of association." The defendants' by-laws and articles of association are silent on the subject. If the court shall be of opinion that the plaintiff

is entitled to the said transfer and new certificate, then judgment to be entered in favor of the plaintiff; otherwise judgment to be entered for the defendant.

Cuyler & Gest, for plaintiff.

In the absence of any provision upon the part of the bank for such a case, the court will adopt the laws in force in the state in which the property is situated. As the act states, the shares shall be deemed personal property, that is, the individual property of the holder, subject to the same rights and liabilities as any other personalty. The transfer of the stock does not affect the bank in its public capacity in any manner, or impair the powers delegated to it under the act of incorporation. The shares in dispute are simply the personal property of the testatrix, situated in Pennsylvania, and subject to the laws of that state in regard to transfer. At common law, and under the act of March 15, 1832, § 6 (Purd. Dig. 407, pl. 13), the executor could not have maintained an action to compel the bank to transfer (though if the bank had voluntarily transferred to the foreign executor, no ancillary administration having been taken out here, the transfer would have been valid). Shakespeare v. Fidelity Trust Co., 8 Wkly. Notes Cas. 92. But the act of June 16, 1836, § 3 (Purd. Dig. 420, pl. 80), enacted that the act of 1832, § 6, should not "apply to shares of stock in any bank or other incorporated company within this commonwealth, but such shares of stock shall pass and be transferable, * * * under the same regulations, powers, and authorities as were used and practised with the loans or public debts of the United States, and were used and practised with the loans or public debt of this commonwealth, before the said recited acts were passed, unless the by-laws, rules, and regulations of any such bank or corporation shall otherwise provide." The act of April 8, 1872, § 1 (Purd. Dig. 421, pl. 84), enacts that any executor, "acting under letters testamentary, * * * granted by any other state or territory of the United States," may "transfer any or all shares of stock * * * of any incorporated company of this commonwealth, standing in the name of any decedent, * * * whenever a duly-authenticated copy of the will * * * shall have been filed in the office of the register of wills for the county in which such incorporated company has its transfer office, or principal place of business." The act of 1872 is simply a restatement of that of 1836, specifying more minutely the precise manner in which foreign executors shall proceed. Under the act of 1836 the plaintiff is entitled to judgment.

C. Stuart Patterson contra.

The shares of the capital stock of a national bank are choses in action, not chattels in possession. They do not follow the domicile of their owner, but their situs is that of the corporation. 3 Burge, 751; Ang. & A.

Corp. §§ 560, 561; Story, Confl. Laws, § 383; Robinson v. Bland, 2 Burrows, 1077; Attorney General v. Higgins, 2 Hurl. & N. 339; Mechanics' Bank v. New York & N. H. R. Co., 3 Kern [13 N. Y.] 627; Arnold v. Ruggles, 1 R. I. 165, 173; Gilpin v. Howell, 5 Barr [5 Pa. St.] 57; Slaymaker v. Gettysburg Bank, 10 Barr [10 Pa. St.] 373; Van Allen v. Assessors, 3 Wall. [70 U. S.] 584. The national banks are federal agencies, and not subject to state control. McCulloch v. Maryland, 4 Wheat. [17 U. S.] 316; Osborn v. Bank of United States, 9 Wheat. [22 U. S.] 738; City of Pittsburg v. First Nat. Bank, 5 Smith [55 Pa. St.] 48. Letters testamentary, or of administration, have at common law no extra-territorial force. Story, Confl. Laws, § 512; Mothland v. Wireman, 3 Pen. & W. 185; Preston v. Melville, 8 Clark & F. 12; Enohin v. Wylie, 10 H. L. Cas. 19; Fenwick v. Sears, 1 Cranch [5 U. S.] 259; Dixon v. Ramsey, 3 Cranch [7 U. S.] 319; Noonan v. Bradley, 9 Wall. [76 U. S.] 394. The statute law of Pennsylvania does not authorize a foreign executor to transfer the stock of a national bank located in Pennsylvania. The act of March 15, 1832, § 6 (Purd. Dig. 407, pl. 13), enacts that "no letters testamentary or of administration, or otherwise, purporting to authorize any person to intermeddle with the estate of a decedent, which may be granted out of this commonwealth, shall confer upon such person any of the powers and authorities possessed by an executor or administrator under letters granted within this state." In Sayre v. Helme, 11 Smith [61 Pa. St.] 299, it was held that this statute prohibited a New York executor from maintaining a suit in Pennsylvania to collect a debt due to his testator. The act of 1872 is clearly inapplicable, for a national bank is not an "incorporated company of this commonwealth." The act of 1836 is also inapplicable, for, while the national banks are territorially "within this commonwealth," they are not subject to state regulation, and the transfer of their shares must be governed by federal not state laws. The only possible effect of the acts of 1836 and 1872 is to repeal, pro tanto, the act of 1832, but, as has been already shown, the disability of the foreign executor is, quoad the stock of a national bank, a common law, not a statutory, disability.

BUTLER, District Judge. The stock is the personal property of the shareholder (so declared by the act of congress), having all the ordinary incidents of such, liable to transfer by sale, and all other means ordinarily applicable to such property. On the owner's death it passes to his legal representatives, and is disposed of under the laws of the state, in the usual course of administration, as any other personalty of which he may die possessed. The purpose of the acts of assembly of 1836 and 1872 was, and their effect is, to invest executors and administrators, under letters granted by other states of the

Union, with the same authority over "shares of stock of any incorporated company, of," or "within this commonwealth, standing in the name of the decedent," as that conferred by letters granted here. The language was certainly intended to embrace all stock, of every description, which may pass to the legal representatives; and was designed to avoid the necessity for administration here. It is sufficiently comprehensive, we think, to include the stock of a national bank, which, though not incorporated by the laws of the state, is, nevertheless, a corporation "within the commonwealth," as contemplated by the act of 1836, or "of the commonwealth." as contemplated by that of 1872. The location of the bank is here—so fixed by the act of congress, and declared by the certificate issued under it. It can transact business nowhere else; and may, accurately, be described as a corporation within or of this commonwealth. Besides, if the language were less distinct, the act, being remedial in its nature, should receive a liberal interpretation, so as to embrace, if possible, the full extent of the mischief, or difficulty, contemplated. There is certainly as much reason for applying such a provision to one kind of stock, passing to the legal representatives of the deceased owner, as to another.

The plaintiff must be regarded, therefore, precisely as if the executor of Mrs. Kittredge's will had administered here. That the bank could safely recognize the transfer, under such circumstances, and therefore should do so, cannot well be doubted. It is not subject to the control of the state. But as its stockholders may transfer their interests, or the same may be transferred, by any method provided by the laws of the state for the transfer of similar property (in the absence of other provision by congress), the defendant cannot thwart the purpose to do so. If the bank had prescribed a method of transfer, as contemplated by the act of congress, the question now presented would, probably, have been avoided. But having failed in this, the duty of recognizing a transfer in pursuance of the laws of the state (the only method available to the plaintiff) is, we think, reasonably clear. The failure to discharge this duty is sufficient to support the suit. Judgment must therefore be entered for the plaintiff.